UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID C. DIRCKS, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-101 RM |
| | ) (Arising out of 3:12-CR-82 RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

David Dircks pleaded guilty to one count of being a felon in possession of a firearm and was sentenced on March 21, 2013 to a term of 114 months' imprisonment, to be followed by a 3-year term of supervised release. Judgment was entered the following day. On January 17, 2014, Mr. Dircks filed a timely motion requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. An examination of the claims of Mr. Dircks's petition confirms that no hearing is necessary.

Mr. Dircks's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. That plea agreement, signed by Mr. Dircks, his attorney William P. Stanley, and Assistant United States Attorney Donald Schmid contains the following language in paragraph 9(d):

> (d) . . . I expressly waive my right to appeal my conviction, my sentence, and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Petn. To Enter A Guilty Plea, at 3-4. Despite the waivers and admissions in his plea agreement, Mr. Dircks challenges his sentence based on his claims that (1) his counsel provided ineffective assistance; (2) newly discovered evidence exists; (3) the presentence investigation report amounted to an abuse of power and a miscarriage of justice; and (4) he was denied access to a law library during his pre-trial incarceration at the St. Joseph County Jail.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005); when a defendant claims the waiver was involuntary or counsel was

2

ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Dircks said at his change of plea hearing that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that he read and had discussed the plea agreement with his counsel prior to the plea hearing, that he and his attorney had reviewed the sentencing guidelines prior to the plea hearing, that he was guilty of the charges contained in the Indictment, and that he was satisfied with the representation his attorneys had provided. In addition, the court specifically reviewed paragraph 9(d) of the plea agreement with Mr. Dircks and Mr. Dircks indicated that he understood at that time, and at the time he signed the plea agreement, that he was waiving his right to appeal and to file a petition under 28 U.S.C. § 2255.

Mr. Dircks hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Mr. Dircks' petition contains his conclusory statement that his counsel didn't "explain what a 2255 was/nor ineffective assistance," but the court explained the waiver to Mr. Dircks during the plea colloquy, and Mr. Dircks acknowledged that he understood. Mr. Dircks's statements at his change of plea hearing, statements made under oath, are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th

Cir. 2000). The record supports a finding that Mr. Dircks's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Because Mr. Dircks's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

To the extent Mr. Dircks's claims of ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he could't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Dircks] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Dircks] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Dircks] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Dircks alleges in his petition that his attorney "coerced" him into signing the plea agreement the night before trial, but Mr. Dircks hasn't identified the manner in which he was coerced nor the specific circumstances surrounding the

4

negotiation of his plea agreement that he believes rendered his counsel ineffective. In fact, Mr. Dircks told the court at the change of plea hearing that he wanted to plead guilty because he was guilty of knowingly possessing a firearm after having been convicted of a felony. Mr. Dircks hasn't alleged he wouldn't have pleaded guilty had his attorney acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable.

Mr. Dircks's additional claims of ineffective assistance have no merit. Mr. Dircks alleges that his counsel withheld "exculpatory evidence, to wit, a letter from Darnell Jackson which states he did not know me, had never met me, and lied about selling me a gun." Petn., pp. 6-7. The referenced letter from Darnell Jackson is attached to the petition, *see* Petn. Attachment, p. 2, but Mr. Dircks offers nothing more. He hasn't explained how Mr. Jackson's letter qualifies as "exculpatory evidence" or how any of Mr. Jackson's statements in that letter would support a finding that Mr. Dircks was innocent of being a felon in possession of a firearm. *See* Elem v. United States, No. 03 C 1957, 2004 WL 2034080, at *2 (N.D. Ill. Aug. 19, 2004) ("Although we liberally construe a prisoner's *pro se* section 2255 petition, it remains a petitioner's burden to show that he is entitled to habeas relief.").

5

Mr. Dircks next alleges that his counsel refused to allow him an evidentiary hearing, didn't file any motions on his behalf, and didn't represent his best interests. Mr. Dircks hasn't suggested any basis for an evidentiary hearing or any motion(s) counsel could or should have filed, and he has provided no facts to support his claim that counsel didn't represent his best interests. Mr. Dircks's vague, conclusory, and unsubstantiated allegations are insufficient to support an ineffective assistance of counsel claim under 28 U.S.C. § 2255. Davis v. United States, No. 05-CV-793, 2009 WL 1606900, at *3 (S.D. Ill. June 9, 2009).

Lastly, Mr. Dircks claims his counsel misrepresented him to the court by saying that he [Mr. Dircks] believed his long drug history excused him from his behavior. Even assuming counsel did suggest to the court that Mr. Dircks's lengthy history of drug use might excuse his conduct, Mr. Dircks hasn't explained how any such statement by counsel was prejudicial, especially in light of similar statements Mr. Dircks made on his own behalf at his sentencing hearing. *See* Ct. Sent. Memo., at 8 ("Based on his allocution [at the sentencing hearing], Mr. Dircks seems to believe that sufficiently heavy drug use absolves one of any personal responsibility that might otherwise be recognized or accepted.").

"To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both deficient performance and prejudice." Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). Mr. Dircks hasn't established that his trial counsel's performance fell below an objective standard of reasonableness or that he was

prejudiced by counsel's performance. Mr. Dircks isn't entitled to the relief he seeks based on his claim of ineffective assistance of trial counsel.

Mr. Dircks' second ground for relief is that he has newly discovered evidence: a letter from co-defendant Kimberly Lepitre in which she states that Mr. Dircks didn't know about or possess the 9 mm Ruger she purchased after he was incarcerated. Petn. Attachments, p. 3. While Mr. Dircks may not have had knowledge or possession of the firearm Ms. Lepitre purchased after he was incarcerated, paragraph 9(b) of the Petition to Enter a Guilty Plea [docket # 87] contains a picture of Mr. Dircks holding a Ruger 9mm pistol and his admission that he "possessed in 2011 a Ruger 9mm pistol, model P95." Too, Mr. Dircks admitted at his change of plea hearing that in 2011 he knowingly possessed a firearm after having been convicted of a felony, specifically a Ruger, 9mm pistol, model P95, and that the photograph in paragraph 9(b) of the plea agreement was a picture of him holding that firearm. Mr. Dircks hasn't set forth any facts to support a finding that Ms. Lepitre's letter "would probably lead to an acquittal in the event of a new trial." Bek v. United States, No. 2:08-CV-290 & 2:03-CR-4, 2008 WL 5069329, at *10 (N.D. Ind. Nov. 24, 2008).

Mr. Dircks's remaining grounds for relief – that the presentence investigation report amounted to an "abuse of power and miscarriage of justice" and he was denied access to the law library at the St. Joseph County Jail – don't relate to the negotiation of the waiver of his right to appeal, so those claims are foreclosed by his plea agreement, in which he expressly waived his right to appeal

7

or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005). Too, none of Mr. Dircks's arguments present a claim that his sentence was imposed in violation of the Constitution or the laws of the United States, that the court was without jurisdiction to impose his sentence, or that his sentence was in excess of the statutory maximum, as required for relief under 28 U.S.C. § 2255(a). And while a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Dircks's 114-month sentence is less than the 120-month statutory maximum sentence he faced for violation of 18 U.S.C. § 922(g)(1).

Mr. Dircks isn't entitled to the relief he seeks, so the court DENIES his petition filed pursuant to 28 U.S.C. § 2255.

SO ORDERED.

ENTERED: <u>  February 11, 2014  </u>

<u>  /s/ Robert L. Miller, Jr.  </u>
Judge, United States District Court

cc: D. Dircks
　　AUSA Schmid